■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMELO RUGGIERO, Appellant.—Judgment, Supreme Court, New York County, rendered June 23, 1976, convicting defendant upon his plea of guilty of attempted grand larceny in the first degree, and sentencing him to an indeterminate sentence in State prison not to exceed three years, is unanimously modified, as a matter of discretion and in the interest of justice, so as to reduce the sentence to a definite sentence of one year in the New York City Correctional Institution for Men, and is otherwise affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd [5]). Defendant was guilty of extortion. On his record and on the facts of this case, we would not disturb an indeterminate sentence with a three-year maximum, but for the extraordinary circumstances of the sentencing. As the sentencing, the Judge said, "The Court feels constrained to say that in the exercise of its discretion it would not impose a sentence in excess of one year." It appeared that the District Attorney thought that there had been a commitment at the time of plea that the sentence would be an indeterminate sentence with a maximum of three years. There appears to have been no basis on the record for that belief. The Judge had clearly reserved complete discretion as to what the sentence would be. The Judge said that he did not wish to cause the District Attorney's office any "consternation," and that in view of the belief of the District Attorney's office that there was a commitment, he would permit the defendant to withdraw his plea of guilty, and if the defendant chose not to withdraw his plea of guilty, the court would impose an indeterminate sentence with a maximum of three years. After some discussion, the defendant chose not to withdraw his plea of guilty and the court imposed the indeterminate sentence with a maximum of three years. It is the duty and the responsibility of the sentencing Judge to impose the sentence he thinks is right within the statutory limits. No doubt he should give due consideration to what the District Attorney says, as he should to what the defendant and his attorney say. But ultimately, the Judge must impose the sentence that he deems right. He should no more be influenced by "consternation" of the District Attorney or expectations, or disappointment of the District Attorney, not based on expressed commitments made at the time of plea, than by like consternation, expectations, or disappointment of the defendant or his attorney. Whether or not it is in fact a correct interpretation of the record, we think that the record is too susceptible of the interpretation that the sentencing Judge, in the utmost good faith and perhaps with excessive candor, permitted his judgment to be overborne by the District Attorney's consternation, expectations, and disappointment, and that the record is open to the implication that to avoid disappointment by the District Attorney, the defendant was sentenced to a longer term of

imprisonment than he otherwise would have been. The sentencing Judge almost invited this court to reduce the sentence. He said, "The Court would not in any way feel in any way distressed if the Appellate Division said that the sentence that was imposed may be too harsh," and the Judge stayed his judgment on bail, pending appeal. Concur—Stevens, P. J., Murphy, Birns, Silverman and Lynch, JJ.