■ In the Matter of VALLEY COTTAGE FIRE DISTRICT OF THE TOWN OF CLARKSTOWN, Appellant, v GEORGE MELLERSTEN, as Assessor of the Town of Clarkstown, et al., Respondents.—Order of the Supreme Court, Rockland County, dated February 17, 1977, affirmed, with $50 costs and disbursements to respondent Central Nyack Fire District payable by petitioner. No opinion. Permission for the taking of this appeal has been granted by Mr. Justice Margett. Margett, J. P., Rabin, Titone and Mollen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRVING ADAMS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 5, 1977, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. No opinion. Cohalan, J. P., Hawkins and Suozzi, JJ., concur; Titone, J., dissents and votes to vacate the sentence and remand the case to Criminal Term for further proceedings in accordance with the following memorandum: It is evident from a reading of the change of plea minutes that the sentence imposed on the defendant-appellant was not prompted by the exercise of sound discretion by the Criminal Term but, rather, was foisted upon that court by the prosecutor. When asked by the defendant why he could not receive a minimum sentence of three years in return for pleading guilty to a class A-III felony, the court answered: "Because the District Attorney will not let you plead to an A-III felony to get three years." Later, the court reiterated that it was completely up to the District Attorney to say, "Okay, let him go down to the A-III, providing he does a minimum of four years." Such statements as to the power of the District Attorney's office to fix the term of sentence are totally at variance with our judicial system. Sentencing is a judicial responsibility and any attempt to undermine judicial control in the sentencing process must be rejected, as must any attempt to undermine the prosecutor's responsibility in recommending lesser pleas (People v Selikoff, 35 NY2d 227, cert den 419 US 1122). Accordingly, I dissent and vote to vacate the sentence and remand the case to the Criminal Term to allow defendant, if he wishes, to withdraw his plea and have the indictment reinstated. If the defendant at that time chooses to let the plea stand, then the Criminal Term should resentence defendant in accordance with what it believes to be proper within the statutory limits (see People v Ruggiero, 56 AD2d 569).